UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FIRST KEYSTONE CONSULTANTS,
INC., ROBERT SOLOMON and JANE
SOLOMON,

              Plaintiffs,

    - against -

SCHLESINGER ELECTRICAL
CONTRACTORS, INC., JACOB LEVITA,
and JPMORGAN CHASE & CO.,

              Defendants.

---

10 Civ. 0696 (KAM)(SMG)

ECF Case

**PLAINTIFFS' REPLY
TO DEFENDANTS'
COUNTERCLAIMS
AND CROSS-CLAIMS**

FIRST KEYSTONE CONSULTANTS, INC. ("**FKC**"), ROBERT SOLOMON

("**Robert Solomon**") and JANE SOLOMON (together with FKC and Robert Solomon,

the "**Plaintiffs**"), as and for their Reply to the Answer, Counterclaims and Cross-Claims

(the "**Answer**") of Defendants SCHLESINGER ELECTRICAL CONTRACTORS, INC.

("**SEC**") and JACOB LEVITA ("**Levita**", and together with SEC, the "**SEC**

**Defendants**"), allege as follows:

## BACKGROUND

1.     Plaintiffs re-assert and reallege each and every allegation contained in

Paragraphs 1 through 33 of their Complaint with the same force and effect as if more

fully set forth herein.

Sigman & Rochlin, LLC

2.      The SEC Defendants weave a recurring leitmotif through their Answer, to wit: that they have obtained a judgment against Plaintiffs (the "**Judgment**"), which Plaintiffs have refused to pay.  This statement is patently untrue and more importantly, the instant action is not about the Judgment, notwithstanding SEC Defendants' decision to devote a substantial portion of their Answer to it.  This action is about the hundreds of thousands of dollars that the SEC Defendants have failed to pay to Plaintiffs – monies that Plaintiffs have earned but, because of SEC Defendants' duplicity, evasiveness, obfuscation and shoddy recordkeeping, have been unable to collect.

3.      SEC Defendants also assert throughout their Answer that Plaintiffs have long been their net debtor.  This assertion also is untrue.  Until January 6, 2010, when the New York State Supreme Court, County of Kings issued an order confirming the Arbitration Award of the AAA Arbitration Panel, the SEC Defendants owed more money to Plaintiffs than vice versa.  That remains true even now, notwithstanding Plaintiffs' indebtedness for the Judgment.

4.      SEC Defendants obtained a restraining order against the account of Plaintiffs at Chase Bank (the "**Chase Account**") – the only account in which Plaintiffs have available funds.  (SEC Defendants have issued information subpoenas to many companies within the New York City electrical industry knowing full well that Plaintiffs had no dealings with them; this was but a further instance of SEC Defendants' needless tactics of harassment.)  Plaintiffs have offered the Chase Account funds to SEC Defendants in payment of the Judgment on numerous occasions, but SEC Defendants repeatedly have refused to accept Plaintiff's offer of such funds.  SEC Defendants refer to

Sigman & Rochlin, LLC

[2]

the instant action as a "frivolous lawsuit" (Answer, ¶ 25) and a "cynical effort … [by Plaintiff] to evade its obligations to pay the outstanding Judgment against it" (Answer, ¶ 37). Entry of the Judgment was ordered by another court in a separate action and is not contested by the Plaintiffs. Regardless, SEC Defendants occupy a substantial part of their Answer with the details of the Judgment. The only cynicism herein is manifested by the SEC Defendants' refusal to accept payment from the Chase Account because they are earning nine-percent (9%) interest from the date of the Award on more than one-half million dollars – an investment return that is elsewhere unavailable in the current economic climate. In fact, only now that the instant action has been commenced have the SEC Defendants seen fit to seek turnover by Chase Bank of the funds in the Chase Account.

5.     SEC Defendants assert that Plaintiffs made improper transfers into the Chase Account. What the SEC Defendants fail to disclose is that they received hundreds of thousands of dollars in payments from Schlesinger-Siemens Electrical, LLC ("**SSE LLC**") earmarked for Plaintiffs, which they failed to pay over to the Plaintiffs. Curiously, the SEC Defendants are unable to understand that their failure to make payment to Plaintiffs was the sole and proximate cause of Plaintiffs' protective action. Moreover, Plaintiffs attempted immediately to establish an escrow account with their then-counsel for the safekeeping of the funds in the Chase Account, but their effort was thwarted by SEC Defendants' pursuit of a restraining order.

6.     SEC Defendants also fail to acknowledge that they breached their SFD Associates Joint Venture Agreement by collaborating with the Siemens members of the

Sigman & Rochlin, LLC

[3]

Board of Managers to oust Robert Solomon from that body and from day-to-day management of the Projects (as such are defined in the Complaint). SEC Defendants claim that this was to remedy a series of improper actions by Robert Solomon, but fail to disclose that without Mr. Solomon's oversight, the Projects that had declared a profit of $2 million while he was managing them immediately began to hemorrhage dollars following his ouster because of inept labor supervision and lost productivity that were solely the responsibility of the SEC Defendants. SEC Defendants have not the slightest idea of how to manage projects of this magnitude and, as a result, not only are they themselves losing thousands of dollars daily, but so too, are their partners Siemens Industry, Inc. and First Keystone Consultants, Inc.

7.      SEC Defendants argue that several of Plaintiffs' claims are barred because they are the subject of pending actions in New York State Supreme Court. This assertion is completely without factual support. Employing the same reasoning, however, SEC Defendants' counterclaims regarding the Chase Account and various other amounts owed are pending in State court and are thus barred in the instant action. Justice should apply equally to all parties before this Court.

8.      As Plaintiffs believe will be amply borne out through discovery, there is substantial merit to their Complaint despite SEC Defendants' insistence upon obfuscating their answer by dwelling on the Judgment. The Judgment is neither at issue in this action, nor is its validity denied by the Plaintiffs, notwithstanding the affirmative defenses raised by the SEC Defendants in their Answer. The SEC Defendants refer to Plaintiffs' "improper dealings and mismanagement of SSE LLC including, *inter alia*, (a)

Sigman & Rochlin, LLC

[4]

lack of internal controls in the purchasing and accounts payable process. (b) a conflict of interest by Keystone and Robert Solomon, (c) a lack of transparency into Project Expenses, and (d) a lack of compliance controls… ." (Answer, ¶ 64).

9.     Not only are the foregoing assertions baseless, but they parrot the unsupported, alleged findings of an internal audit concocted by Siemens *after* Mr. Solomon was removed as the operating manager of SSE LLC, and recite assertions that were nowhere mentioned in a previous audit conducted while Mr. Solomon was still a participant in the day-to-day operations of the LLC.  That Siemens would make such assertions in unsurprising in light of their lack of experience in the New York City construction market.  That the SEC Defendants would so assert is further proof of their own duplicity and lack of expertise.

10.     If, as the SEC Defendants invite, this Court will refer to the documents underlying the instant action, the Court will discern that those documents clearly and unambiguously support the Plaintiffs' Complaint.  There is a discrete Support Services Agreement that provides for weekly $3000 payments to Plaintiff.  There is a discrete August 29, 2005 Agreement that provides for weekly payments to Plaintiff.  There is a discrete Schlesinger-Siemens Electrical, LLC Amended and Restated Operating Agreement that provides for the payment of business consulting services to Plaintiffs. There are First Keystone Consultants, Inc. invoices tendered to Defendants clearly and separately claiming payment under both the Support Services Agreement and the August 2005 Agreement.  But nowhere in these agreements or invoices is there a provision that

Sigman & Rochlin, LLC

relieves Defendants of their obligation to pay over the amounts due thereunder to the Plaintiffs.

11.     When Defendants claim, as they do in Paragraph 21 of the Answer, that Plaintiffs engaged in a "transparent effort to 'create' an offset to the monies that Keystone owed Schlesinger" (Answer ¶ 21), Defendants repeat an oft-recited but hollow refrain.  Defendants failed abjectly to maintain a credible set of books and records to substantiate any indebtedness owed to them by Plaintiffs, yet are quick to point out that only shortly before Plaintiffs' ouster from the daily management of SSE LLC was control of such "books and records" transferred to Plaintiff (Answer ¶ 27).  And the documents ultimately transferred were but a few scraps of paper, hardly sufficient to qualify as "books and records" and insufficient to vest control in one who had but a short period to decipher and make use of them – an impossible task - before his removal from the position of overall project management.  What is transparent here is Defendants' duplicity, nothing more.

### AS AND FOR A REPLY TO SEC DEFENDANTS' FIRST COUNTERCLAIM AGAINST PLAINTIFFS FOR FRAUDULENT CONVEYANCES WITH INTENT TO DEFRAUD

12.     Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 90 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

13.     Plaintiffs admit the allegations contained in Paragraph 91 of SEC Defendants' Answer, but wish to advise the Court that all issues concerning the Coney

Sigman & Rochlin, LLC

[6]

Island Project, which is the subject of the Judgment, have been raised as a counterclaim by SEC Defendants in the pending action in New York State Supreme Court, Queens County (the "**State Court Action**"), and as a result, should be barred from consideration in the instant action.

14.     Plaintiffs admit the existence of disputes with SEC Defendants but otherwise deny the allegations contained in Paragraph 92 of SEC Defendants' Answer. As aforementioned, all issues concerning the Coney Island Project, which is the subject of the Judgment, have been raised as a counterclaim by SEC Defendants in the State Court Action, and as a result, should not be addressed in the instant action.

15.     Plaintiffs admit the existence of disputes with SEC Defendants but otherwise deny the allegations contained in Paragraph 93 of SEC Defendants' Answer. As aforementioned, all issues concerning the Coney Island Project, which is the subject of the Judgment, have been raised as a counterclaim by SEC Defendants in the State Court Action, and as a result, should not be addressed in the instant action.

16.     Plaintiffs admit the existence of disputes with SEC Defendants but otherwise deny the allegations contained in Paragraph 94 of SEC Defendants' Answer. Further, until entry of the order confirming the Judgment, Plaintiffs were a net creditor of the SEC Defendants and continue to occupy such status even now.

17.     Plaintiffs admit the existence of disputes with SEC Defendants but otherwise deny the allegations of broken promises contained in Paragraph 95 of SEC Defendants' Answer. Plaintiffs admit that SEC Defendants filed a Demand for

Sigman & Rochlin, LLC

[7]

Arbitration and that the dispute was submitted to a three-member Arbitration Panel. Over the course of their mutual dealings, Plaintiffs and SEC Defendants often used shared funds to cover Project expenses. Therefore, certain of SEC Defendants' allegations that the treatment of funds by Plaintiffs in the instant action was unusual are inaccurate.

18.     Plaintiffs admit the Arbitration Award in favor of SEC Defendants in the principal amount of $545,145.87 as recited in Paragraph 96 of their Answer, but deny SEC Defendants' characterization that interest was awarded at 9% per annum for the entire period. This is an illustration of SEC Defendants' persistent practice of manipulating the facts to their advantage. Plaintiffs refer this Court to the Arbitration Award for the correct recitation of the interest accruing thereupon.

19.     Plaintiffs admit the allegations contained in Paragraph 97 of the SEC Defendants' Answer.

20.     SEC Defendants' allegations contained in Paragraph 98 of their Answer are insufficiently specific to enable Plaintiffs to form a belief as to their correctness.

21.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 99 of their Answer and put them to their proof as to the correctness thereof.

22.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 100 of their Answer and put them to their proof as to the correctness thereof.

23.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 101 of their Answer.

Sigman & Rochlin, LLC

24.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 102 of their Answer and put them to their proof as to the correctness thereof.  SEC Defendants have been notorious for their failure to maintain accurate books and records regarding project costs despite Plaintiffs' persistent requests that they do so.

25.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 103 of their Answer and put them to their proof as to the correctness thereof.

26.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 104 of their Answer and put them to their proof as to the correctness thereof.  Plaintiffs have repeatedly sent bona fide invoices to SEC Defendants the validity of which SEC Defendants have denied, even after admitting the existence of both the Support Services Agreement and the August 2005 Agreement.  Plaintiffs are able to substantiate this claim through document production.

27.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 105 of their Answer.

28.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 106 of their Answer.

29.     Plaintiffs deny SEC Defendants' allegations contained in Paragraph 107 of their Answer.  Plaintiffs have offered payment to SEC Defendants from the Chase Account on numerous occasions, which offer SEC Defendants have refused to accept. Further, SEC Defendants have custody and control over funds of Plaintiffs, which they

Sigman & Rochlin, LLC

[9]

easily could have offset against the Judgment amount, but were unwilling to do so

because they would then have had to admit that they owed such funds to Plaintiffs.

     30.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 108 of

their Answer.

### AS AND FOR A REPLY TO SEC DEFENDANTS' SECOND COUNTERCLAIM AGAINST PLAINTIFFS FOR ATTORNEYS' FEES IN AN ACTION TO SET ASIDE THE ALLEGEDLY FRAUDULENT CONVEYANCES OF PLAINTIFFS MADE WITH INTENT TO DEFRAUD

     31.    Plaintiffs deny each and every one of the allegations contained in

Paragraphs 1 through 108 of SEC Defendants' Answer with the same force and effect as

if individually denied herein.

     32.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 110 of

their Answer.

     33.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 111 of

their Answer.

     34.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 112 of

their Answer.

     35.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 113 of

their Answer.

Sigman & Rochlin, LLC

## AS AND FOR A REPLY TO SEC DEFENDANTS'
## THIRD COUNTERCLAIM AGAINST PLAINTIFFS
## FOR ALLEGEDLY FRAUDULENT CONVEYANCES
## RENDERING PLAINTIFF WITH INSUFFICIENT CAPITAL

36.    Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 113 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

37.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 115 of their Answer.

38.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 116 of their Answer.

39.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 117 of their Answer.

40.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 118 of their Answer.

41.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 119 of their Answer.

42.    Plaintiffs deny SEC Defendants' allegations contained in Paragraph 120 of their Answer.

Sigman & Rochlin, LLC

[11]

**AS AND FOR A REPLY TO SEC DEFENDANTS'
FOURTH COUNTERCLAIM AGAINST PLAINTIFFS FOR
ALLEGEDLY FRAUDULENT CONVEYANCES MADE WHILE
KEYSTONE WAS A "DEFENDANT" IN AN ACTION FOR MONEY DAMAGES**

43.     Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 120 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

44.     Plaintiffs admit the correctness of SEC Defendants' recitation of § 273-a of the New York State Debtor and Creditor Law as contained in Paragraph 122 of their Answer, but make no admission concerning the applicability thereof to the instant action.

45.     Plaintiffs deny having knowledge and information sufficient to enable them to form a belief as to the allegations contained in Paragraph 123 of SEC Defendants' Answer.

46.     Plaintiffs admit the existence of the Arbitration Award in favor of SEC Defendants in the principal amount of $545,145.87 as recited in Paragraph 124 of their Answer, but deny SEC Defendants' characterization that interest was awarded at 9% per annum for the entire period thereof.  Plaintiffs refer the Court to the Arbitration Award for the correct recitation of the computation of interest therein.

47.     Plaintiffs admit the allegations contained in Paragraph 125 of SEC Defendants' Answer.

48.     Plaintiffs deny the allegations contained in Paragraph 126 of SEC Defendants' Answer.

Sigman & Rochlin, LLC

[12]

49.     Plaintiffs admit the allegations contained in Paragraph 127 of SEC Defendants' Answer.

50.     Plaintiffs deny having knowledge and information sufficient to enable them to form a belief as to the allegations contained in Paragraph 128 of SEC Defendants' Answer.

51.     Plaintiffs deny the allegations contained in Paragraph 129 of SEC Defendants' Answer.  The date of the Arbitration Award was October 13, 2009 and again, the SEC Defendants misstate the basis for computation of interest thereon for which the Plaintiffs refer the Court to said Arbitration Award.

52.     Plaintiffs admit the allegations contained in Paragraph 130 of SEC Defendants' Answer.

53.     Plaintiffs admit the allegations contained in Paragraph 131 of SEC Defendants' Answer, but assert that SEC Defendants have repeatedly refused to accept Plaintiffs' offers of payment from the Chase Account.

54.     Plaintiffs deny the allegations contained in Paragraph 132 of SEC Defendants' Answer.

55.     Plaintiffs deny the allegations contained in Paragraph 133 of SEC Defendants' Answer.

56.     Plaintiffs deny the allegations contained in Paragraph 134 of SEC Defendants' Answer.

Sigman & Rochlin, LLC

[13]

## AS AND FOR A REPLY TO SEC
## DEFENDANTS' FIFTH COUNTERCLAIM AGAINST
## PLAINTIFFS TO PIERCE THE CORPORATE VEIL

57.     Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 134 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

58.     Plaintiffs deny the allegations contained in Paragraph 136 of SEC Defendants' Answer.  Plaintiffs have at all times maintained separate corporate and individual identities and First Keystone Consultants, Inc. has observed all corporate formalities statutorily required by the Commonwealth of Pennsylvania.

59.     Plaintiffs deny the allegations contained in Paragraph 137 of SEC Defendants' Answer.  Plaintiffs strictly have observed the distinction between funds belonging to First Keystone Consultants, Inc. and those belonging to the Robert and Jane Solomon.

60.     Plaintiffs deny the allegations contained in Paragraph 138 of SEC Defendants' Answer and put them to their proof as to the correctness thereof.

61.     Plaintiffs deny the allegations contained in Paragraph 139 of SEC Defendants' Answer and put them to their proof as to the correctness thereof.

62.     Plaintiffs deny the allegations contained in Paragraph 140 of SEC Defendants' Answer.

Sigman & Rochlin, LLC

[14]

63.     Plaintiffs deny the allegations contained in Paragraph 141 of SEC Defendants' Answer.

64.     Plaintiffs deny the allegations contained in Paragraph 142 of SEC Defendants' Answer.

65.     Plaintiffs deny the allegations contained in Paragraph 143 of SEC Defendants' Answer.

## AS AND FOR A REPLY TO SEC DEFENDANTS'
## SIXTH COUNTERCLAIM FOR BREACH OF CONTRACT

66.     Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 143 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

67.     Plaintiffs admit the allegations contained in Paragraph 145 of SEC Defendants' Answer.

68.     Plaintiffs admit the allegations contained in Paragraph 146 of SEC Defendants' Answer.

69.     Plaintiffs admit the allegations contained in Paragraph 147 of SEC Defendants' Answer but assert that on many occasions, SEC Defendants violated this "two signatures" provision at will for their sole convenience.

70.     Plaintiffs admit the allegations contained in Paragraph 148 of SEC Defendants' Answer and assert that there is no prohibition in any agreement with SEC

Sigman & Rochlin, LLC

Defendants preventing them from establishing bank accounts in First Keystone Consultants' own name.

71.    Plaintiffs deny the allegations contained in Paragraph 149 of SEC Defendants' Answer.

72.    Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 150 of SEC Defendants' Answer.

73.    Plaintiffs deny the allegations contained in Paragraph 151 of SEC Defendants' Answer.

74.    Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 152 of SEC Defendants' Answer.

75.    Plaintiffs deny the allegations contained in Paragraph 153 of SEC Defendants' Answer and reallege and re-assert that SEC Defendants, on many occasions preceding the incident of which they complain, drew and solely signed checks on Joint Venture accounts, the governing terms of which required multiple signatures. Accordingly, Plaintiffs deny that any transfer of funds complained of by SEC Defendants was contrary to the parties' prior course of dealings.

76.    Plaintiffs deny the allegations contained in Paragraph 154 of SEC Defendants' Answer and reply that SEC Defendants previously had materially breached

Sigman & Rochlin, LLC

the terms of the Joint Venture Agreement, thereby excusing Plaintiffs' performance
thereunder

77.     Plaintiffs deny the allegations contained in Paragraph 155 of SEC
Defendants' Answer.

## AS AND FOR A REPLY TO SEC
## DEFENDANTS' SEVENTH COUNTERCLAIM
## AGAINST PLAINTIFFS FOR BREACH OF FIDUCIARY DUTY

78.     Plaintiffs deny each and every one of the allegations contained in
Paragraphs 1 through 155 of SEC Defendants' Answer with the same force and effect as
if individually denied herein.

79.     Plaintiffs admit the allegations contained in Paragraph 157 of SEC
Defendants' Answer.

80.     Plaintiffs admit the allegations contained in Paragraph 158 of SEC
Defendants' Answer.

81.     Plaintiffs deny the allegations contained in Paragraph 159 of SEC
Defendants' Answer because once the SEC Defendants had materially breached the SFD
Joint Venture Agreement, Plaintiffs were excused from performance of and compliance
with their obligations thereunder.

82.     Plaintiffs admit the allegations contained in Paragraph 160 of SEC
Defendants' Answer and assert that there is no provision in any agreement they had with

Sigman & Rochlin, LLC

[17]

SEC Defendants requiring consent for the establishment of bank accounts in First Keystone Consultants' own name.

83.      Plaintiffs deny the allegations contained in Paragraph 161 of SEC Defendants' Answer.

84.      Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 162 of SEC Defendants' Answer.

85.      Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 163 of SEC Defendants' Answer.

86.      Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 164 of SEC Defendants' Answer.

87.      Plaintiffs deny the allegations contained in Paragraph 165 of SEC Defendants' Answer.  Jacob Levita's breach of the SFD Joint Venture Agreement, breach of fiduciary duty and absence of fair dealing were the sole and proximate cause of Robert Solomon's actions.

88.      Plaintiffs deny the allegations contained in Paragraph 166 of SEC Defendants' Answer.

Sigman & Rochlin, LLC

[18]

## AS AND FOR A REPLY TO SEC DEFENDANTS'
## EIGHTH COUNTERCLAIM AGAINST PLAINTIFFS AND
## FIRST CROSS-CLAIM AGAINST CHASE BANK DIRECTING CHASE TO
## TURN OVER THE FUNDS ALLEGEDLY MISAPPROPRIATED BY PLAINTIFFS

89.     Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 166 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

90.     Plaintiffs deny the allegations contained in Paragraph 168 of SEC Defendants' Answer.

91.     Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 169 of SEC Defendants' Answer.

92.     Plaintiffs deny the allegations contained in Paragraphs 170 and 171 of SEC Defendants' Answer.  The quoted Affidavit is taken out of context and, as a result, has been misinterpreted.  Moreover, SEC Defendants' assertion is moot because all of the conditions surrounding the Projects have changed since May 27, 2008, the date of the quoted affidavit.

93.     Based on the foregoing explanation, Plaintiffs deny the allegations contained in Paragraph 172 of SEC Defendants' Answer.

94.     Plaintiffs deny having knowledge and information sufficient to enable them to form a belief regarding the allegations contained in Paragraph 173 of SEC Defendants' Answer.

Sigman & Rochlin, LLC

[19]

95.     Regarding the allegations contained in Paragraph 174 of SEC Defendants' Answer, Plaintiffs do not contest owing SEC Defendants the amount of the Judgment, but request that all of Plaintiffs' claims be addressed in order to satisfy that award from the funds belonging to Plaintiffs that are currently being held – and withheld – by SEC Defendants.

96.     Plaintiffs deny the allegations contained in Paragraph 175 of SEC Defendants' Answer.

**AS AND FOR A REPLY TO SEC DEFENDANTS'**
**NINTH COUNTERCLAIM AND SECOND CROSS-CLAIM**
**AGAINST CHASE BANK DIRECTING CHASE TO TURN OVER**
**THE FUNDS ALLEGEDLY MISAPPROPRIATED BY PLAINTIFFS**

97.     Plaintiffs deny each and every one of the allegations contained in Paragraphs 1 through 175 of SEC Defendants' Answer with the same force and effect as if individually denied herein.

98.     Plaintiffs deny the allegations contained in Paragraph 177 of SEC Defendants' Answer.

99.     Plaintiffs object to the characterization of the allegations contained in Paragraph 178 of SEC Defendants' Answer.

100.    Insofar as SEC Defendants do not receive more than the amount to which they are entitled pursuant to the order confirming the Judgment, Plaintiffs do not object to the payment of the principal amount requested, but do object to SEC Defendants' computation of interest thereon.

Sigman & Rochlin, LLC

[20]

Dated: Hartford, Connecticut
        March 31, 2010

SIGMAN & ROCHLIN, LLC

By: _____

Richard H. Agins (RA-9194)
(A Member of the Firm)
*Attorneys for Plaintiffs First Keystone*
*Consultants, Inc. and Robert Solomon*
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
(860) 828-2138 • Facsimile: (860) 218-9659
ragins@sigmanandrochlin.com

Sigman & Rochlin, LLC

[21]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| Case No. | Year | Hon. |
|---|---|---|
| 1:10-CV-0696 | 2010 | KIYO A. MATSUMOTO |

FIRST KEYSTONE CONSULTANTS, INC.,
ROBERT SOLOMON AND JANE SOLOMON
                PLAINTIFFS,


         – AGAINST –


SCHLESINGER ELECTRICAL CONTRACTORS,
INC., JACOB LEVITA AND JPMORGAN CHASE BANK,
N.A.,
                DEFENDANTS.

---

### REPLY TO COUNTERCLAIMS AND CROSS-CLAIMS OF SCHLESINGER ELECTRICAL CONTRACTORS, INC. AND JACOB LEVITA

---

#### SIGMAN & ROCHLIN, LLC
*Attorneys for Plaintiffs*

*Office and Post Office Address, Telephone*
100 Pearl Street, 14th Floor
Hartford, Connecticut  06103
(860) 828-2138
Facsimile: (860) 218-9659

---

| To:  All Counsel of Record as reflected on the Enclosed Certification of Service | Signature | |
|---|---|---|
| | Richard H. Agins (RA-9194) | |

| Service of a copy of the within | Is hereby admitted |
|---|---|
| Dated: | Attorney(s) for: |