SIGMAN & ROCHLIN, LLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Richard H. Agins (RA 9194)
860.357.9158
Facsimile 860.218.9659
ragins@sigmanandrochlin.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST KEYSTONE CONSULTANTS, INC., ROBERT SOLOMON and JANE SOLOMON, | 10 Civ. 0696 (KAM)(SMG) |
| Plaintiffs, | ECF Case |
| - against - SCHLESINGER ELECTRICAL CONTRACTORS, INC., JACOB LEVITA, and JPMORGAN CHASE & CO., | |
| Defendants. | |

**DECLARATION OF RICHARD H. AGINS IN
OPPOSITION TO MOTION OF SCHLESINGER
DEFENDANTS FOR PROTECTIVE ORDER**

1.      I am a member of Sigman & Rochlin, LLC, attorneys for the Plaintiffs in the

captioned action.  I am familiar with the facts of this case and of the surrounding circumstances,

and make this Declaration in support of the Plaintiffs' Objection to the Motion of Schlesinger

Electrical Contractors, Inc. ("**SEC**") and Jacob Levita ("**Levita**" and, together with SEC, the

"**Schlesinger Defendants**") for a Protective Order in connection with Plaintiffs' Requests for

Documents and Inspection.  This Declaration is in direct contravention of the Declarations in

Support of Motion for Protective Order of Melvin J. Kalish and Jacob Levita, attached hereto as Exhibit "A".

2.      In every pleading filed since the January 6, 2010 Order and Judgment (the "**Judgment**") issued by Justice Kramer of the New York State Supreme Court, County of Queens, irrespective of case or jurisdiction, counsel for the Schlesinger Defendants has found it expedient to cite the Judgment and to characterize First Keystone Consultants, Inc.'s ("**FKC**") pleadings as the "cynical action[s] by a disgruntled Judgment Debtor … to evade its obligations to pay an outstanding judgment."  Kalish Affirmation ¶4.  In fact, at the scheduling conference with Chief Magistrate Gold on June 16, 2010 – a purely administrative meeting to schedule the timing of the instant action – SEC's counsel wasted no time in casting FKC as the villain in the long-contentious dealings between the parties.  There is little disagreement regarding the contention between the parties, but there is significant disagreement as to the causes of that contention.

3.      The Declaration of Jacob Levita in Support of Motion for Protective Order parrots the same unsupported statements made in Mr. Kalish's Declaration and goes beyond those assertions to articulate the reasons for SSE LLC's Board of Manager's resolution to reorganize the management of the LLC.  If those assertions have any basis in fact, the production by the Schlesinger Defendants of certain of the Documents requested by the Plaintiffs will so demonstrate.  If they have no factual basis, that, too, will be brought to light.

4.      Mr. Levita expounds upon the transfers of Variance Amounts from the Chase Accounts but fails to acknowledge that contemporaneously with said withdrawal the Plaintiffs drew a check for half of the total amount withdrawn to be placed in an escrow account for SEC's benefit, but that SEC's instructions to Chase to freeze that account rendered the Plaintiffs' efforts

Sigman & Rochlin, LLC

nugatory.  Furthermore, Mr. Levita's statements as to Mr. Solomon's representations to Chase employees are patently false, are unsubstantiated hearsay, and have no legal effect until substantiated under oath by the persons Mr. Levita claims to have made them.

5.      Plaintiffs have indicated numerous times that they will pay the Judgment when they have the available funds to do so.  The Schlesinger Defendants have long been holding substantial amounts belonging to the Plaintiffs and have shown no willingness to relinquish those funds.  Any attempt to recover said funds has been branded as a cynical attempt to manufacture offsets to the Judgment.  The Schlesinger Defendants have employed the principle that "possession is nine-tenths of the law" to maximize their control over the Plaintiffs, leaving the Plaintiffs no recourse but to seek redress in a court of law.

6.      This action has nothing whatever to do with the Coney Island Project or with the Judgment.  It is an action to recover monies that the Plaintiffs assert the Schlesinger Defendants have wrongly withheld from them for far too long.  All 46 of the Plaintiffs' discovery requests, despite the Schlesinger Defendants' contrary assertions, are intended to bring to light information tending to show where those monies have gone and how they have been used or misused.  That inquiry is <u>directly</u> related to the claims and defenses in this action.  Plaintiffs assert that SEC has used its corporation – and the business run through SFD Associates, a joint venture between the parties formed for the purpose of performing five public works projects conducted under the aegis of the New York City Department of Environmental Protection (each, a "**Principal Contract**") – as a means to shelter cash, evade the payment of taxes, and unjustly enrich the Schlesinger Defendants to the Plaintiffs' detriment.

7.      There are no manufactured offsets involved in FKC's actions.  The Court will find upon examination that any transfers of monies from FKC to Mr. and Mrs. Solomon were

Sigman & Rochlin, LLC

[3]

legitimate repayments of personal loans by them to the corporation.  FKC has no motive to cause annoyance, harassment or embarrassment to the Schlesinger Defendants, only to discover why they have repeatedly over the course of the past five years refused to disclose information to which FKC is rightfully entitled.  Further, notwithstanding Mr. Kalish's assertion (Kalish Declaration ¶ 10), this Declarant has no recollection whatsoever of Mr. Spitalnik's alleged attempt to resolve any discovery disputes in this action.  As Plaintiffs will show below, the Schlesinger Defendants' assertion of FKC's "bad faith tactics" is wholly unsupported, as are its assertion that the document requests in the instant action relate to other currently pending actions.

8.      Moreover, it is important for the Court to understand that, by contractual agreement, the Schlesinger Defendants were obligated to provide much of the information requested by the Plaintiffs as a matter of course, weekly during the tenure of the Principal Contracts.  Their failure to provide this information contemporaneously is but one of the reasons for the animus between the parties, but renders unavailing any complaint by the Schlesinger Defendants that production of the requested information would now be burdensome.  It is only because of the Schlesinger Defendants' past inaction and duplicity that they must now produce in court what they were obliged to produce as business partners.  Any alleged burden is of their making alone.

9.      Finally, Mr. Kalish states that Plaintiffs' Requests will require the production of "tens of thousands of pages of documents relating to the day-to-day operations of SSC-LLC and/or Schlesinger… ."  Kalish Declaration ¶ 39.  This is a vast distortion of the truth.  Of the 46 paragraphs in the Request, ten are very limited and require but a few documents; some require merely a listing of information:  ¶¶ 14, 15, 16, 17, 19, 30, 31, 32, 33 and 35.  Request number 12

Sigman & Rochlin, LLC

[4]

requires the production of 60 documents – the monthly invoices sent by SEC to Siemens. Request number 13 requires a listing of the weekly wire transfers for 260 weeks.  Plaintiffs have not requested the internal correspondence of SSE LLC.  However, based on their knowledge of the operations before Mr. Solomon's ouster in December 2007 and until his subsequent removal as the New York Advisor in February 2009, it is estimated that the maximum number of Documents containing correspondence between SEC and SSE LLC is fewer than 500.  Similarly, requests for payroll records are not burdensome – they are standard certified payroll forms and are documents to which the Plaintiffs were entitled as a matter of course.  While Plaintiffs cannot enumerate precisely how many pages of Documents are the subject of their Request, "tens of thousands" is a gross exaggeration.

10.    Because the Schlesinger Defendants' Declarations make many assertions that the Plaintiffs' requests relate to other litigation and have no relation to the instant action, an explanation of the relationship of each paragraph to which the Schlesinger Defendants have objected is set forth below.

## SPECIFIC FACTUAL BACKGROUND INFORMATION CONCERNING PLAINTIFFS' DOCUMENT REQUESTS

11.    The Variance Amounts are a labor handling charge based on the hourly labor rate (among other variables) multiplied by the total number of hours worked.  The Variance Amounts are monies derived directly from the day-to-day operations of Schlesinger-Siemens Electrical, LLC ("**SSE LLC**") and are the subject of the Pre-Bidding and Joint Venture Agreements of SFD Associates (the "**SFD Agreement**").[1]  Pursuant to the SFD Agreement, "The interests of the

---

[1] SEC and FKC executed a separate rider to the SFD Agreement for each of the Principal Contracts.  For the purposes hereof, they are referred to collectively as the "SFD Agreement."

Sigman & Rochlin, LLC

parties in and to the Principal Contract[s] … and in and to all profits and gains realized therefrom

shall be set forth in each rider executed in connection with each Principal Contract bid."  SFD

Agreement ¶ 9.  Paragraph 4 of the rider executed in connection with each of the Principal

Contract bids states:

> 4. PROPORTIONATE INTERESTS: the interests of the parties in and to the
> Principal Contract; and in and to all profits and gains realized therefrom, and the
> liability and responsibility of the parties for any losses sustained therefrom shall
> be in the following proportions: one-half (1/2) as to each of the Joint Venture
> Partners.[2]

Accordingly, all monies received by the Schlesinger Defendants were, in fact,

trust funds held for the benefit of the SFD Associates partners.  FKC, as a partner in SFD

Associates, is entitled to an accounting of such monies, which it has never received

despite its numerous requests.

12.     Despite Mr. Kalish's contrary assertions at the June 16th Scheduling

Conference, certain of the monies deposited into the SEC accounts at Chase Bank were

Variance Amounts.  Plaintiffs require the information concerning those accounts (to

which they are entitled as a partner in SFD Associates) in order to prove that FKC

removed only the Variance Amounts from the accounts in question and left large sums

that were later removed by Levita and transferred to accounts either in Chase Bank or

Signature Bank, under the sole control of the Schlesinger Defendants.  The amounts

---

[2] It should be noted that at the time of Mr. Solomon's ouster from the management of SSE LLC, the venture was
projecting a sizable profit.  Since that time, as a result of gross mismanagement, the Principal Contracts have
registered substantial losses, which can in no way be attributed or charged to Mr. Solomon or FKC.

It is also worth noting that the SFD Agreement provides for the proportionate sharing of all gains and is not limited
to profits.  The Variance Amounts fall under the classification of "gains" inasmuch as they are payable irrespective
of whether or not profits are earned on the Projects.

Sigman & Rochlin, LLC

subsequently removed from the SEC accounts at Chase were, in part, the property of FKC.

13.     As explained in the Complaint, pursuant to the Support Services Agreement by and between SSE LLC and SEC, FKC was the intended beneficiary of certain consulting fees to be paid by SSE LLC to SEC in connection with each of the Principal Contracts.  Complaint ¶ 1(a).  On information and belief, SSE LLC paid those consulting fees to SEC but SEC never paid them over to FKC.  The discovery requests in this action have been propounded for the express purpose of learning the disposition of those funds.

14.     Plaintiffs have received information communicated to them verbally by trusted sources that SEC corresponded extensively with SSE LLC and Siemens regarding (i) the status of the Variance Amounts, (ii) continued payment of fees to FKC, (iii) the purchase agreement between Siemens and FKC, (iv) the labor overruns and (v) other topics germane to amounts due to FKC under the SFD Agreement.  FKC also has received reports of discussions between SEC and Siemens concerning the sale of SEC's interest in SFD Associates to Siemens (which cannot be effectuated without FKC's approval).  Further, SEC has received reports of an agreement that would absolve the Schlesinger Defendants of all liability for labor overruns (which would negate their stated excuse for withholding the Variance Amounts due to FKC).  All of the foregoing directly affect FKC's financial interests and are therefore proper subjects of inquiry in the instant action.

15.     Since December 14, 2007, the Schlesinger Defendants have engaged in a campaign through which they have deprived Robert Solomon of income, involvement in

Sigman & Rochlin, LLC

[7]

the Principal Contracts, and the ability to oversee his own financial investment.  A review

of their correspondence, as solicited in FKC's Document Request, will permit a

comprehensive analysis of this conduct and will make it clear that FKC is entitled to

money that SEC has withheld to date.

## SPECIFIC EXPLANATION OF
## PLAINTIFFS' DOCUMENT REQUESTS

16.     Plaintiff's Request (the "**Request**") number 1 for all invoices rendered by

SEC to SSE LLC, SE&A and SII, their respective subsidiaries and affiliates from January

2005 until the present relates directly to monies due to FKC under the Support Services

Agreement, which were invoiced by SEC but never paid over to FKC.   Pursuant to the

SFD Agreement, SEC was to make these invoices available to FKC but has never done

so.

17.     Request number 2 for all payments, whether made by check, wire transfer,

or any other means whatsoever, received by SEC from SSE LLC from January 2005 until

the present date, together with a listing of the bank and account number into which such

payments were deposited relates to the payment of monies due to FKC under the Support

Services Agreement and is intended to show that SEC received such funds from SSE

LLC.

18.     Request number 3 for all official titles held by Levita in connection with

SSE LLC and the Projects from January 2005 until the present relates to the operation

and profitability of the LLC, particularly in respect of the 26th Ward Project, and of Mr.

Levita's role therein.  There should be no burden involved in supplying a list of official

titles held by Mr. Levita in connection with his role in SSE LLC.

Sigman & Rochlin, LLC

19.     Request number 4 for Documents evidencing all compensation of any nature whatsoever received from SSE LLC, SE&A, SII and any of their affiliates by Levita, any of his family members and any SEC affiliate or independent contractor listing the dates and amounts of such compensation from January 2005 until the present relates to the profitability of the Principal Contracts.  Plaintiffs seek information as to whether there are persons on the payroll of whom they are unaware and as to what compensation, if any, Mr. Levita is receiving in connection with the Principal Contracts.  These are matters that directly affect FKC's financial interests and the recovery sought in this action, and are properly subjects for discovery.

20.     Request number 5 for Documents evidencing all compensation of any nature whatsoever received by any employee or independent contractor of SEC from SSE LLC, SE&A and SII, listing the dates and amounts of such compensation from January 2005 until the present relates to Plaintiffs' concern, based on their past dealing with the Schlesinger Defendants, of commingling of funds and, more importantly, improper allocation of expenses.  Plaintiffs believe that, in the past, the Schlesinger Defendants have charged the cost of members of their office staff to the Principal Contracts.  This is therefore properly an issue for discovery as it relates directly to the profitability of the Principal Contracts and FKC's recovery thereunder.

21.     Request number 6 for all statements of projected profit or loss of SEC, its independent contractors or affiliates, and SSE LLC, if provided, from January 2005 until the present segregating projected profit or loss from the Projects is an effort by Plaintiffs to determine independently whether the Schlesinger Defendants' allegations regarding profitability of the Principal Contracts are meritorious.  FKC has been excluded from the

Sigman & Rochlin, LLC

operations of SSE LLC since December 2007 because Mr. Levita voted Mr. Solomon out of management in direct violation of the SFD Agreement. FKC has no other way of corroborating matters affecting FKC's financial interests.

22.     Request number 7 for all estimates, bid documents and related supporting documentation for each of the Projects relates to FKC's exclusion from the Projects. The Schlesinger Defendants have requested these Documents from FKC and FKC has provided what Documents it has. The Schlesinger Defendants should be barred from denying this request by FKC.

23.     Request number 11 for all annual DEP evaluations on each of the Projects from 2006 until the present relates to performance on the Principal Contracts, which is at issue in the instant action. If the Schlesinger Defendants are raising labor overruns as a defense or counterclaim, they should be prepared to provide evaluations of Project performance to substantiate their allegations.

24.     Request number 12 for all correspondence between SSE LLC and SEC from January 2005 until the present is intended to support Plaintiffs' allegation that the Schlesinger Defendants have engaged in a campaign to disadvantage Robert Solomon and FKC, and will show a clear pattern of denying FKC the payment of monies rightfully owed (i) under the Support Services Agreement, (ii) as Variance Amounts, and (iii) through the sale of FKC's interest in SFD Associates. Further, it would bring to light any correspondence between SEC and SSE LLC relating to labor overruns. This is correspondence to which FKC is entitled pursuant to the SFD Agreement and is related to the Schlesinger Defendants' counterclaims.

Sigman & Rochlin, LLC

25.     Request number 13 for all correspondence between SSE LLC and NYC DEP from January 2005 until the present excluding submission of materials and or equipment but including submissions of working drawings and shop drawings, and the related Request numbers 14 and 15 are intended to show that SSE LLC had a favorable performance rating before Robert Solomon was ousted but that such rating deteriorated after his ouster.  This finding will bear directly on the profitability of the Principal Contracts and any claim by the Schlesinger Defendants regarding labor overruns. Further, Request number 15 for all federal tax returns of SEC and each of its affiliates from 2005 until the present is intended to demonstrate that in fiscal year 2007, SSE LLC declared a profit of $2 million, $1 million of which was attributable to SFD and $500,000 to FKC.  SEC improperly issued to FKC a Form 1099 for $1 million for the year 2007. This bears directly upon FKC's tax liability and demonstrates SEC's malfeasance with respect to tax reporting.

26.     Request number 16 for all federal tax returns and financial statements of SFD Associates from 2005 until the present is information to which FKC is contractually entitled and is related to the information sought and the proof to be asserted in connection with SEC's tax reporting irregularities, which bear directly on FKC's finances.

27.     Request number 17 for all correspondence between each of SSE LLC, SE&A, SII and their subsidiaries and affiliates and SEC from 2005 until the present is intended to provide information regarding SEC's knowledge of and response to labor overruns on the Principal Contracts and the effects thereof on FKC's financial interests and its recovery sought in this action.

Sigman & Rochlin, LLC

28.     Request number 19 for all correspondence with SEA, SII and any of their subsidiaries and affiliates regarding the Purchase and Sale Agreement covering SEC's interest in SFD Associates, including, without limitation, emails, memoranda and notes of conversations is intended to provide information as to which FKC was contractually entitled, and for which FKC's approval is required.  Furthermore, SEC refused to enter into a favorable agreement with SSE LLC which, on information and belief, would have absolved the Schlesinger Defendants of all liability for labor overruns on the Principal Contracts.  This fact has bearing on the claims and defenses that have been asserted in the instant action and is a proper topic of discovery.

29.     Requests number 20, 21 and 22 for all federal Forms K-1 and/or 1099 received by SEC from SFD, SSE LLC, SE&A, SII or their subsidiaries and affiliates from 2006 until the present, and all federal Forms K-1 and/or 1099 issued by SEC to any entity whatsoever from 2006 until the present, and all federal Forms K-1 and/or 1099 received by Levita from SFD, SSE LLC, SEA, SII or their subsidiaries and affiliates from 2004 until the present, respectively, are interrelated and are relevant to the instant action since SEC issued federal tax forms to FKC and the basis therefor should be discoverable insofar as FKC's financial interest in SFD Associates is affected.

30.     Request number 23 for all change orders received from any party on behalf of SEC or SSE LLC on each of the Projects bears directly on the profitability of the Principal Contracts and, as a matter affecting FKC's financial interests, is properly a matter for discovery in this action.

31.     Request number 24 for all correspondence between SEC and FKC from August 2004 until the present, including, without limitation, notes, letters, memoranda

Sigman & Rochlin, LLC

[12]

and e-mails is information relevant to the profitability of the Principal Contracts, is information to which FKC is contractually entitled and access to which it has been denied since December 2007.  It is directly related to claims and defenses raised in this action.

33.     Request number 25 for all Chase bank account statements and checks of SEC from 2005 until the present is intended to provide information regarding the removal of funds from accounts to which Robert Solomon was a signatory and as to which he has been provided with no information since the time that said funds were removed.  This information bears upon FKC's financial interests, is relevant to counterclaims asserted by the Schlesinger Defendants and is properly discoverable in this action.

33.     Request number 26 for all Signature bank account statements and checks of SEC from 2005 until the present and the related Request number 27 for all other bank account statements and checks of SEC, SSE LLC or any affiliate from 2005 until the present relate to Variance Amounts that Plaintiffs believe were transferred from accounts at Chase Bank under the joint control of Mr. Levita and Mr. Solomon to an account or accounts at Signature Bank or other banks, under the sole control of Mr. Levita.  Because the Variance Amounts are in part the property of FKC, this inquiry is proper in the context of the instant action, which seeks recovery of such funds.

34.     Request number 28 for information as to all disciplinary actions commenced by any agency of the City of New York in connection with the Master Electrician License of SEC and the related Request number 29 for information as to all disciplinary actions commenced by any agency of the City of New York in connection with the Master Electrician License of SSE LLC relate to the profitability of the Principal Contracts and to the legality of work performed under such Contracts.  Inasmuch as this

Sigman & Rochlin, LLC

[13]

inquiry bears upon FKC's financial interests in the instant action, they are proper subjected of discovery herein.

35.     Request number 33 for all correspondence between Local Union No. 3, I.B.E.W. and SEC or SSE LLC from 2006 until the present time including, without limitation, that concerning negotiations, fines and disciplinary actions relates to the legality and profitability of performance on the Principal Contracts, in particular, to labor overruns, and is a proper subject of discovery in the instant action.

36.     Request number 34 for a list of all personnel employed either directly by SEC or as an independent contractor on each of the projects, including their relationship, if any, to Levita, and any salaries charged to SSE LLC and to SFD does not include field personnel.  Related Request number 35 is for a list of all employees of SEC who were not members of Local Union No. 3, I.B.E.W. from 2005 until the present.  These requests again address the issue of proper cost allocation, one that has been in contention previously and which affects FKC's financial interest in the Principal Contracts and its recovery in the instant action.

37.     Request number 36 for a list of all employees, including electrical workers, employed by Schlesinger Realty from 2004 until the present is intended to determine whether, in direct violation of its agreement with Local Union No. 3, I.B.E.W., SEC is performing non-union electrical work, which would adversely affect its status on the Principal Contracts, thereby having a negative impact on their profitability and on FKC's financial interest therein and recovery thereunder.

38.     Request number 37 for copies of each and every financial statement, labor record, tax return and other document required to be furnished by SEC to FKC pursuant

Sigman & Rochlin, LLC

[14]

to each of the <u>Pre-Bidding and Joint Venture Agreements of SFD Associates and Riders</u> <u>thereto</u> should have been provided to FKC without demand on a contemporaneous basis, and will help Plaintiffs to determine the correct total of the Variance Amounts due them, which is directly related to the recovery sought in this action.

39.     Together with related Request number 19, Request number 40 for all purchase Agreements between SEC and SSE LLC is intended to inform Plaintiffs of any information bearing on SEC's proposed sale of its interest in SFD Associates, which (i) may not be accomplished without FKC's approval, and (ii) directly affects FKC's financial interest in the recoveries sought in this action.

40.     Request number 43 for copies of all correspondence in any form whatsoever, including, without limitation, letters, notes, memoranda and e-mails, between SEC, Levita, SEA, SII and their affiliates, and any individual member of the SSE LLC Board of Managers regarding the vote that took place at the December 14, 2007 meeting of the Board of Managers is intended to show the events leading up to that meeting and any reasons therefor.  This decision affected FKC's financial interests related to SSE LLC, including any determinations by its management to cease payments to FKC, and relates directly to matters affecting the recovery sought in this action.

## CONCLUSION

41.     For all of the foregoing reasons, the Motion for Protective Order of the Schlesinger Defendants should be denied in its entirety.

Sigman & Rochlin, LLC

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:     Hartford, Connecticut
           September 1, 2010

                                    RICHARD H. AGINS