# LAW OFFICES OF MELVIN J. KALISH
114 OLD COUNTRY ROAD – SUITE 660
MINEOLA, NEW YORK 11501

MELVIN J. KALISH

JOSHUA D. SPITALNIK*
*Admitted NY & NJ Bars

(516) 746-3000

FACSIMILE
(516) 746-3079

October 22, 2010

**VIA ECF AND FIRST CLASS MAIL**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

Re:  First Keystone Consultants, et al.
     v. Schlesinger Electrical Contractors, et al.
     United States District Court, Docket No. 10-cv-0696(KAM)(SMG)
     **Request for Permission to Serve a Motion to Dismiss Plaintiffs'
     Second Cause of Action and Entire Complaint as Against Jacob Levita**

Dear Judge Matsumoto:

We represent Defendant-Counterclaimant Schlesinger Electrical Contractors Inc., as well Defendant Jacob Levita in the above referenced action.

We are compelled to respond to the October 21, 2010 correspondence of Plaintiffs' counsel opposing Schlesinger and Levita's request for a Pre-Motion Conference with the Court.

Keystone counsel deliberately seeks to mislead the Court by referencing the 2010 Bronx County lien foreclosure action and ignoring the 2005 Queens County action. The pending 2010 Bronx County action to foreclose several Keystone liens is not the basis for Schlesinger and Levita's request for dismissal under *Colorado River* and Keystone counsel knows it.

The 2005 Queens County Action involves multiple claims between Schlesinger and Keystone, including the dissolution and accounting of the SFD Associates Joint Venture (the partnership which is the subject of Plaintiffs' claims in the instant Federal Action). Thus, the 2005 Queens County Action and the instant 2010 Federal Action both involve disputes related to the same contractual agreements, same factual disputes, and same claims to the same funds. Clearly, Keystone's filing of the instant Federal Action in 2010 constituted forum shopping at its worst.

Hon. Kiyo A. Matsumoto
October 22, 2010
Page 2

    Moreover, the additional factors relevant to the *Colorado River* doctrine are present in the instant action. Specifically, (a) the Queens County Action was purposefully commenced by Keystone and the Solomons in State Court (i.e. Keystone and the Solomons' rights are adequately protected in state court and there can be no dispute regarding convenience of forum), (b) the Queens County Action was commenced approximately five years prior to the instant Federal Action, has been actively litigated for five (5) years and will soon be ready for trial, (c) the Queens County Court has appointed an accounting firm (Mitchell & Titus) to conduct an accounting of the parties' venture, which accounting is to commence shortly, (d) the instant Federal Action raises no disputes involving federal law and (e) litigating the Federal Action will create piecemeal and duplicative litigation in both the State and Federal Courts as well as create the very real possibility of inconsistent decisions.

    These factors warrant abstention and dismissal under *Colorado River*.

    With respect to our contention that Jacob Levita is not a proper party to this litigation, Plaintiffs admit that they have failed to raise any cognizable claims against Mr. Levita as an individual. The conclusory and self-serving statement by Plaintiffs' counsel that Schlesinger Electrical Contractors, Inc. and Jacob Levita are "indivisible" is another deliberately false and misleading statement. Significantly, this allegation (concocted on October 21, 2010) has not been asserted by Keystone in the five (5) years of litigation in the Queens County Action or in the Bronx County Action or in the instant Federal Action.

    As previously stated, Jacob Levita is the President of Schlesinger Electrical Contractors, Inc. All conduct and actions on the part of Mr. Levita were performed in said capacity. Accordingly, there is no basis for the assertion of any claims personally against the individual Defendant Levita.

    Plaintiffs' October 21, 2010 letter is filled with inaccuracies which are contradicted by documentary evidence and sworn statements of the parties. This is not the appropriate time to address these allegations; however, we will do so in our motion papers.

    Finally, we are compelled to note that the documents in the Queens County Action (pleadings, amended pleadings, motions, discovery, correspondence, depositions, etc.) total hundreds of thousands of pages. The operative amended pleadings are in excess of 500 pages; the discovery productions are in excess of 100,000 pages; there have been over 30 motions. At a pre-Motion conference (or in formal motion papers) we can fully present to the Court the documentary evidence demonstrating that the instant claims of Keystone

Hon. Kiyo A. Matsumoto
October 22, 2010
Page 3

are duplicative of the claims being asserted in the Queens County Action.

    Schlesinger and Levita respectfully request that a Pre-Motion Conference be scheduled with the Court to review Schlesinger and Levita's application for permission to file a Motion (a) to dismiss Plaintiffs' Second Cause of Action under the Colorado River doctrine and (b) to dismiss the entire action as against Jacob Levita individually for failure to state a cause of action.

                                          Respectfully submitted,

                                          MELVIN J. KALISH

MJK:jmc

cc:  All counsel (via ECF)
     Chief Magistrate Steven M. Gold