Richard H. Agins
ragins@sigmanandrochlin.com
v: 860.357.9158 xt. 2
f: 860.218.9659

Admitted to CT, PA & NY Bars



**Via Electronic Case Filing System**

October 29, 2010

Chief Magistrate Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    First Keystone Consultants, Inc., et al. v.
                Schlesinger Electrical Contractors, Inc., et al.
                United States District Court Docket No. 10-cv-0696 (KAM)(SMG)
                Surreply to Defendant's Motion to Deposit Funds into Court

Dear Chief Magistrate Gold:

    This firm represents the Plaintiffs, First Keystone Consultants. Inc., Robert Solomon and Jane Solomon, in the above-referenced action. The Plaintiffs hereby reply to Mr. Kalish's response to our objection to his motion to pay the Chase Funds into court.

    To recapitulate previous correspondence concerning this issue, Mr. Kalish requested that the Chase Funds be paid into court. Keystone responded that it preferred that the monies be deposited with an escrow agent and that if the Court determined this to be appropriate, if the parties could not reach an agreement regarding a suitable agent, the Court select one. Mr. Kalish responded that my client is disingenuous and a thief.

    It is Mr. Kalish's custom to usurp the Court's position as arbiter and to present his allegations as fact. Mr. Kalish is not compelled to write in response to my letter as he states, but by failing to do so he would relinquish the last word, which he is unable to do.

    I generally do not choose to respond to *ad hominem* attacks, but this time I must do so because I cannot abide Mr. Kalish's recounting of past transactions as though his view were the unfettered truth. His statement that the Chase Funds are Schlesinger's and not Keystone's is not only false, but contradicts his and Mr. Levitas' past acknowledgements that these funds represent a jointly-owned pool of monies. If an escrow agent is holding the stake until the Court decides its disposition, how can Keystone possibly misappropriate those funds? Mr. Kalish's bile seems to cloud his reasoning.

    I have had no prior dealings with the New York Law Debenture Trust Company and have not suggested that they are the only acceptable escrow agent, or as Mr. Kalish states, I have not "selected them." I sent the form of Escrow Agreement to Mr. Kalish as a courtesy thinking that he could not otherwise make an informed decision, but he appears unable to view my gesture in that light. I welcome Mr. Kalish's suggestion of other candidates and restate my view that the benefit of the custodial services outweighs the costs of protracted litigation and administrative haggling likely required to release the funds from court custody. If the Court ultimately

determines that the funds belong solely to Schlesinger, I believe that the escrow fee will have cost the Defendants less than the cost of Mr. Kalish's time to release the funds from judicial custody. If the Court determines that the funds are jointly owned, then Schlesinger will bear only a portion of the custodial costs and my client gladly will bear the remainder of the expense. Ultimately, Keystones sole concern is that the monies be held safely and released quickly once the Court has decided their ownership.

I point out to the Court that Mr. Kalish has unfailingly managed to weave the Arbitration Award into his presentation. I note also that Mr. Kalish has again alluded to my client's disingenuousness and alleged embezzlement. These attacks are growing rather long in the tooth.

Yours truly,

SIGMAN & ROCHLIN, LLC

Richard H. Agins

RHA:ubm
cc: All counsel of record via ECF