## LAW OFFICES OF MELVIN J. KALISH
114 OLD COUNTRY ROAD – SUITE 660
MINEOLA, NEW YORK  11501

MELVIN J. KALISH

JOSHUA D. SPITALNIK*
*Admitted NY & NJ Bars

(516) 746-3000

FACSIMILE
(516) 746-3079

November 5, 2010

**VIA ECF**

Chief Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

  Re: First Keystone Consultants, et al.
    v. Schlesinger Electrical Contractors, et al.
    United States District Court, Docket No. 10-cv-0696(KAM)(SMG)
    **Response to October 29, 2010 Letter of Richard Agins**
    **Regarding Schlesinger's Supplemental Discovery Production**

Dear Chief Magistrate Gold:

  We are writing in response to Richard Agins' October 29, 2010 letter regarding the supplemental production of documents pursuant to Your Honor's Order regarding Schlesinger's Motion for a Protective Order dated October 8, 2010.  Your Honor has scheduled a telephone conference call for November 8, 2010 at 4:00 P.M. to discuss this matter.

  We are perplexed by Mr. Agins' "complaint" in that he has not articulated the basis of his objection.  Schlesinger is producing and permitting Plaintiffs to inspect and tag for copying the responsive documents in accordance with Your Honor's Order and Rule 34.  Rule 34 provides, in pertinent part that a party may serve a request:

> (1) to produce and permit the requesting party or its representative to inspect, copy, test or sample the following items in the responding party's possession, custody or control.

Schlesinger's proposed discovery production is squarely in conformity with Rule 34.

  Further, we are compelled to respond to Mr. Agins' cryptic claim regarding discovery in prior litigations.  We find his statement ironic as Mr. Agins was <u>not</u> Keystone's counsel during discovery in the Coney Island JV arbitration between Schlesinger and Keystone, and thus has no knowledge of what transpired.

However, since Mr. Agins brought up prior litigations, the Court should know of the experience Schlesinger and this office had with Keystone and the Solomons in discovery conducted in the Coney Island Arbitration.

In that case, Schlesinger delivered multiple boxes of documents to our office for review by Keystone. Keystone and the Solomons inspected the documents and tagged for copying only a small portion of those documents made available.

Thereafter, at the Arbitration Keystone erroneously claimed that Schlesinger failed to produce documents, when, in fact, these documents were contained within the boxes reviewed by the Solomons at our offices, which they chose not to tag for copying.

In the instant action, Schlesinger is producing and permitting Keystone to inspect and copy the documents Keystone requested as they are maintained in the ordinary course of business. This will eliminate Keystone's anticipated "objection" that Schlesinger failed to deliver all the requested documents to its attorney's office.

The requested documents, even with the limitations imposed by Your Honor's Order, consist of thousands of pages located in 24 file drawers at Schlesinger's office (*see, e.g.,* attached photos taken by Schlesinger).

It clearly would be overly burdensome and unduly costly to compel Schlesinger to copy these 24 file drawers of documents, many of which Schlesinger believes Keystone has absolutely no interest in reviewing.

The subject documents have been available for Keystone/Solomons' inspection since November 1, 2010. Mr. Agins and his clients have chosen not to inspect them. This calls into question the legitimacy of their Demands in the first place.

Schlesinger's position has always been that the claims related to profits have been and continue to be litigated in Queens County. As noted, the Queens Court has ordered an accounting of profits and losses by an independent accounting firm. Mr. Agins is fully aware of this fact, having participated in a meeting with the accountants (Mitchell & Titus) on October 26, 2010.

Judge Matsumoto has instructed the parties to take a very careful look at those federal claims which are duplicative of the state claims and should be withdrawn. We believe that Keystone's "profit" and "consulting services" claims fall within the category of claims which should be withdrawn in the within action.

Thank you for your consideration.

Respectfully submitted,

Melvin J. Kalish

MJK:jmc
Encls.

cc: All counsel (via ECF)
    Schlesinger Electrical Contractors, Inc.



