# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889
_____

DIRECT DIAL
(212) 826-5350
Rneumann@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

November 8, 2010

**BY ELECTRONIC CASE FILING**

Chief Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York 11201

**First Keystone Consultants, Inc., et al. v.
Schlesinger Electrical Contractors, Inc., et al.
Case No. 10 CV 00696 (KAM)**

Dear Judge Gold:

This firm represents JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced action.  As Your Honor has recognized, Chase is merely a stakeholder in the action, holding disputed funds in two accounts ("the Disputed Proceeds").  Chase is prepared to transfer the Disputed Proceeds to the Court's registry.  The other parties to this action have now also recognized Chase's stakeholder status and have agreed to consent to a dismissal of Chase with prejudice upon Chase transferring the Disputed Proceeds to the Court's registry.

I write now to give the parties and this Court notice, and place on the record, that a non-party to this litigation, DDR Construction Services, Inc. ("DDR") purports to have an interest in the Disputed Proceeds.  DDR is a party to other litigation, apparently still pending in state supreme court, between certain parties to this action – but *not* Chase (the "Queens Action").  Enclosed is a copy of a letter, dated November 3, 2010, that I received from counsel for DDR accompanied by an Order in the Queens Action.  The Order, while denying DDR's motion to appoint a temporary receiver, enjoins certain parties to the Queens Action (who may be parties or affiliated with parties to this action) from disbursing certain funds as compensation to themselves or relatives, or disbursing profits, or from any disbursement outside the ordinary course of business, without further order of the court in the Queens Action.

ZEICHNER ELLMAN & KRAUSE LLP

Chief Magistrate Judge Steven M. Gold
November 8, 2010
Page 2


        DDR contends that the Disputed Proceeds are the subject of the Queens
Action, were brought to the attention of the judge in the Queens Action, and are subject to
the terms of the preliminary injunction contained in the Order in the Queens Action.
DDR's letter to me states that DDR "will regard any distribution of these monies [the
Disputed Proceeds] in the manner requested by First Keystone and/or Schlesinger as a
violation of the Preliminary Injunction [contained in the Order], whether by settlement or
otherwise."

        Chase has no knowledge of the facts underlying the dispute between the
parties to the Queens Action.  Chase also has no knowledge of whether the Disputed
Proceeds contain any funds that are the subject of, or subject to, the preliminary injunction
in the Order.

                                        Respectfully submitted,

                                        Ronald M. Neumann

RMN:ryc
Enclosure

cc:     Richard H. Agins, attorney for plaintiffs (By E-Mail)
        Melvin J. Kalish, attorney for Schlesinger Defendants (By E-Mail)

598953v1/RN/10399.008



# Peckar & Abramson
**A Professional Corporation • Attorneys & Counselors at Law**

41 Madison Avenue
20th Floor
New York, NY 10010
tel 212.382.0909
fax 212.382.3456

New Jersey

San Francisco

Los Angeles

Orange County

Miami

Chicago

Washington, D.C.

London

www.packlaw.com

**BY FACSIMILE AND EMAIL**

November 3, 2010

Ronald M. Neumann, Esq.
Zeichner Ellman & Krause, LLP
575 Lexington Avenue
New York, NY 10022

RE:      **First Keystone Consultants, Inc., et al. v.**
         **DDR Construction Services, et al.**
         **Index No. 27095/05**
         **Our File No.: 4550/157640**

Dear Mr. Neumann:

As you may know, we represent DDR Construction Services, Inc. ("DDR") in connection with the pending Queens County Action referenced above. In furtherance of my letter of yesterday, I am providing you with a copy of Justice Duane A. Hart's November 26, 2008 Preliminary Injunction issued in DDR's favor, restraining distribution of profits or any payments from SFD Associates to First Keystone Consultants, Inc. ("First Keystone"), Schlesinger Electrical Contractors, Inc. ("Schlesinger") or their principal officers or agents. The money that is currently frozen in a Chase Bank account is comprised of labor variance profits and was and remains the subject of the Queens County Action. The existence of those funds was brought to Judge Hart's attention in connection with the briefing on the Preliminary Injunction and is the subject of the pleadings in that action. Please understand that we will regard any distribution of these monies in the manner requested by First Keystone and/or Schlesinger as a violation of the Preliminary Injunction, whether through settlement or otherwise.

Please feel free to call me at any time with any question or concerns you may have.

Very truly yours,

Charles E. Williams, III
CEW/eh
Enclosure
cc: Richard H. Agins, Esq. (w/ encl. by email and fax)
    Melvin Kalish, Esq. (w/ encl. by email and fax)



Case 1:10-cv-00696-KAM-SMG Document 47 Filed 11/08/10 Page 4 of 7

ORDER SIGNED (Page 1 of 4)

Short Form Order

NEW YORK SUPREME COURT **ORIGINAL** QUEENS COUNTY

Present: HONORABLE  DUANE A. HART          IA Part __18__
                    Justice

---

FIRST KEYSTONE CONSULTANTS, INC.,                x
et al.,

                    Plaintiffs,

          - against -

DDR CONSTRUCTION SERVICES, et al.,

  Defendants/Third-Party Plaintiffs,

          - against -

SCHLESINGER ELECTRICAL CONTRACTORS,
INC., et al.,

        Third-Party Defendants.

---                                              X

| | |
|---|---|
| Index Number | 27095  2005 |
| Motion Date | September 10,  2008 |
| Motion Cal. Number | 25 |
| Motion Seq. No. | 22 |

QUEENS COUNTY CLERK FILED 2008 DEC -8 PM 3:40

The following papers numbered 1 to __7__ read on this motion by DDR
Construction Services, Speco Electric, Inc., Clifford R. Weiner,
and Debbie Ann Weiner (the defendants/third-party plaintiffs) for,
inter alia, an order appointing a temporary receiver for SFD
Associates.

|                                                          | Papers Numbered |
|----------------------------------------------------------|-----------------|
| Order to Show Cause - Affidavits - Exhibits..........    | 1-3             |
| Answering Affidavits- Exhibits......................     | 4-5             |
| Memoranda of Law .................................       | 6-7             |

     Upon the foregoing papers it is ordered that the motion is
disposed of as follows:

     Schlesinger Electrical Contractors, Inc., First Keystone
Consultants, Inc. and DDR Construction Services, Inc. formed SFD
Joint Venture Associates (SFD). Schlesinger alleges that DDR
withdrew from the joint venture, whereupon Schlesinger and First
Keystone formed a new partnership. DDR denies that it voluntarily

2005/27095 ORDER SIGNED (Page 2 of 4)

withdrew from the joint venture. Defendant DDR contends that the plaintiffs and the third-party defendants perpetrated a fraud by wrongfully ousting it from the joint venture. On or about December 19, 2005, First Keystone Consultants, Inc. began an action in the New York State Supreme Court, County of Queens, against DDR and other parties (First Keystone Consultants, Inc. v DDR Construction Services, Queens Index No. 27095/05) (Action No. 1). First Keystone sought, inter alia, a judgment declaring that SFD was dissolved. First Keystone subsequently brought a second action in the New York State Supreme Court, County of Nassau, against Schlesinger and other parties (First Keystone Consultants, Inc. v Schlesinger Electrical Contractors, Inc., (Nassau Index No. 22828/07) (Action No. 2). The second action has been transferred to the New York State Supreme Court, County of Queens under Queens Index No. 7706/08.

DDR's first amended verified answer and amended counterclaim allege the following:

In or about April, 2002, First Keystone, DDR, Clifford Weiner (a principal of DDR), Robert Solomon (a principal of First Keystone), and Jane Solomon entered into a verbal agreement, later reduced to writing, whereby First Keystone promised to compensate Weiner for services rendered in connection with a joint venture to be formed between First Keystone and Schlesinger. On or about January 21, 2004, Schlesinger and First Keystone formed a joint venture (the Coney Island joint venture) to bid on a subcontract to perform electrical work in connection with a New York City Department of Environmental Preservation (DEP) project designated as the Coney Island WPCP Primary Settling Tank Odor Control Building Reconstruction. In April, 2004, Schlesinger executed a subcontract for the project, and DDR served as the project manager, providing general supervision over the work. The Coney Island joint venture promised to pay DDR $3,000 per week for its services and to also distribute to DDR a share of the profits. The Coney Island joint venture failed to pay DDR all of the compensation owed to it and to distribute all of its share of the profits.

In 2004, Clifford Weiner, who also served as a vice-president of Schlesinger, brought Schlesinger and Siemens & Automation, Inc. (Siemens) together for the purpose of bidding on a DEP contract requiring the completion of electrical upgrades to the Newtown Creek Wastewater Treatment Plant-Manhattan Pump Station. In or about August, 2004, Siemens and Schlesinger organized a Delaware limited liability company, the Schlesinger-Siemens Electrical, LLC (SSE).

In or about August, 2004, Schlesinger, First Keystone, and DDR organized the SFD joint venture for the purpose of bidding on the

2

Manhattan Pump Station contract as the nominee of SSE and to perform work for Schlesinger as a member of SSE. The SFD joint venturers agreed to divide in equal one third shares the 50% profit that would become due to Schlesinger as a member of SSE. Although SSE did not successfully bid on the Manhattan Pump Station contract, SSE and SFD continued their arrangement, and SSE received DEP contracts for the 26th Ward project and other projects.

In the summer of 2005, First Keystone and Schlesinger devised plans to exclude DDR from SFD. On September 16, 2005, the plaintiffs' and third-party defendants attempted to end DDR's participation in SFD and to remove Weiner from SSE's Board of Managers. SFD made an unnecessary capital call on DDR with the intention of forcing the latter into a default. Moreover, Schlesinger and First Keystone deprived DDR of the funds it needed to answer the capital call by failing to pay sums of money owed by the Coney Island joint venture.

On this motion, DDR alleges that the other members of SFD have defaulted on their discovery obligations, have wrongfully taken sums of money from the joint venture, and have committed other financial improprieties. Plaintiff First Keystone denies that DDR is a member of SFD, denies that any financial improprieties occurred, denies that SFD is still "operational" with an ongoing business, assets, and bank accounts, and alleges that First Keystone and Schlesinger organized a new joint venture in 2006 (SFD 2006). Schlesinger also denies that DDR is still a member of SFD, and Schlesinger alleges that extensive discovery has also been provided to DDR.

That branch of the motion which is for an order appointing a temporary receiver for SFD Associates is denied. "The appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of property from a party without the benefit of a trial on the merits ***." (Modern Collection Associates, Inc. v Capital Group, Inc., 140 AD2d 594; Schachner v Sikowitz, 94 AD2d 709.) The appointment of a temporary receiver is warranted where the applicant establishes by clear and convincing evidence the need for such a drastic remedy. (See, Beatty v Williams, 227 AD2d 912; Serdaroglu v Serdaroglu, 209 AD2d 606.) "In the absence of clear proof of the danger of irreparable loss or damage, and proof that a receiver is necessary for the protection of the parties to the action and their interests, a temporary receiver should not be appointed ***." (Groh v Halloran, 86 AD2d 30, 33; Beatty v Williams, supra; Serdaroglu v Serdaroglu, supra.) In the case at bar, DDR failed to show by clear and convincing evidence that the drastic measure of appointing a temporary receiver for SFD is necessary under all of the facts and circumstances of this case. Less drastic remedies are available. While DDR has encountered

3

2005/27095 ORDER SIGNED (Page 4 of 4)

difficulties in obtaining disclosure, CPLR 3126 provides for ample penalties for failure to make disclosure. (See, e.g., Mir v Saad, 54 AD3d 914.)  Moreover, a preliminary injunction, limited in scope, will suffice to prevent the waste of joint venture funds and will not extensively interfere with complex, ongoing businesses.

That branch of the motion which is for a preliminary injunction is granted to the extent that during the pendency of this action, the plaintiffs and the third-party defendants are prohibited from (1) disbursing funds of SFD and SFD 2006 as compensation for themselves or any of their relatives, except by further order of this court, (2) disbursing funds of SFD and SFD 2006 as a distribution of profits, except by further order of this court, and (3) disbursing funds of SFD and SFD 2006 in any other manner, except in the ordinary course of business or by further order of this court.  The undertaking is fixed at $100,000. In order to obtain a preliminary injunction, DDR had to show (1) a likelihood of ultimate success on the merits, (2) irreparable injury if provisional relief is withheld, and (3) a weight of the equities in its favor.  (See, Aetna Insurance Co. v Capasso, 75 NY2d 860.)  DDR successfully carried this burden.  In regard to the first requirement, DDR demonstrated a likelihood of success on the merits by showing that its causes of action have prima facie merit.  (See, Witham v VFinance Investments, Inc., 52 AD3d 403; Trimboli v Irwin, 18 AD3d 866.)  Although factual issues exist in this case, they do not in themselves preclude the issuance of a preliminary injunction. (See, CPLR 6312[c]; Egan v New York Care Plus Ins. Co., 266 AD2d 600; Board of Managers of 235 East 22nd Street Condominium v Lavy Corp., 233 AD2d 158.)  In regard to the second requirement,  the record shows that equitable relief is a more efficient remedy than monetary damages.  (See, People by Abrams v Anderson, 137 AD2d 259; Poling Transp. Corp. v A & P Tanker Corp., 84 AD2d 796.)  In regard to the third requirement, DDR demonstrated that the alleged irreparable injury to be sustained by it is more burdensome than the harm that will be caused to others through imposition of the injunction.  (See, Reuschenberg v Town of Huntington, 16 AD3d 568; Credit Index, L.L.C. v Riskwise Intern L.L.C., 282 AD2d 246; Mr. Natural, Inc. v Unadulterated Food Products, Inc., 152 AD2d 729; McLaughlin, Piven, Vogel, Inc. v W.J. Nolan & Co., Inc., 114 AD2d 165; Metropolitan Package Store Ass'n, Inc. v Koch, 80 AD2d 940; Nassau Roofing & Sheet Metal Co., Inc. v Facilities Development Corp., 70 AD2d 1021; 67A NY Jur 2d, "Injunctions" § 31.)

Dated: November 26, 2008

Duane A. Hart
J.S.C.

4