UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

FIRST KEYSTONE CONSULTANTS, INC.
ROBERT H. SOLOMON and
JANE SOLOMON,

        Plaintiffs,

                                  **MEMORANDUM & ORDER**
    -against-                     10-CV-696(KAM)(SMG)

SCHLESINGER ELECTRICAL
CONTRACTORS, INC.,

        Defendant.

----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Presently before the court is a letter motion dated October 3, 2012 and filed on October 4, 2012 by plaintiffs/counterclaim-defendants First Keystone Consultants, Inc. ("FKC"), Robert H. Solomon and Jane Solomon (together, the "Solomons," and collectively with FKC, "plaintiffs"), for leave to file a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) for relief from the order and judgment of this court, entered, respectively, on March 28, 2012 and March 29, 2012.  (ECF No. 159, Plaintiffs' Motion for Reconsideration dated 10/4/12 ("Mot.").)  Plaintiffs assert that the court's March 28, 2012 order ("March 2012 Order and Judgment") dismissing certain of plaintiffs' claims (the "Dismissed Claims") under the *Colorado River* abstention doctrine because

1

they were parallel to the action pending in New York State Supreme Court, Queens County (the "Queens Action"), should be vacated because plaintiffs, after previously stipulating to the dismissal of these same claims *with prejudice* in the Queens Action, have not been allowed to reassert them in the Queens Action.  (*See* Mot. at 2-3.)  In a letter dated and filed October 4, 2012, defendant/counterclaim-plaintiff Schlesinger Electrical Contractors, Inc. ("defendant") opposed plaintiffs' proposed motion on several grounds.  (ECF No. 160, Defendant's Letter in Opposition dated 10/4/12 ("Opp.").)  The court treats the parties' foregoing respective letters as plaintiffs' motion for reconsideration and relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and as defendant's opposition thereto, and requires no further briefing on plaintiffs' baseless motion.

As set forth herein, in addition to the fact that plaintiffs missed the deadline by nearly six months for filing both a motion for reconsideration pursuant to Local Rule 6.3 and a notice of appeal,[1] plaintiffs' letter motion sets forth only vague and conclusory statements about the proceedings in the

---

[1] Specifically, Local Rule 6.3 requires a party to file a motion for reconsideration within 14 days of the entry of judgment to be reconsidered, and Rule 4 of the Federal Rules of Appellate Procedure requires a party to file a notice of appeal within 30 days of the date of entry of judgment to be appealed (Fed. R. App. Proc. 4).  As noted above, the court's judgment from which plaintiffs now seek relief was entered on March 29, 2012, but plaintiffs' instant letter motion was not filed until October 4, 2012.  (*See* ECF No. 145, Clerk's Judgment dated 3/29/12; *see generally* Mot.)

Queens Action that are unsupported by reference to specific dates or orders of that court. Nonetheless, even if plaintiffs had bothered to provide such support, their motion for relief from judgment[2] should still be denied for the reasons that follow.

## RELEVANT BACKGROUND FACTS

The facts of this case are set forth extensively in the court's order dated March 28, 2012 granting defendant's motion to dismiss (ECF No. 144) and the court's order dated May 15, 2012 granting defendant's motion for summary judgment (ECF No. 148), familiarity with which is assumed. On October 3, 2012, plaintiffs filed their motion for relief from the court's March 2012 Order and Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (*See generally* ECF No. 159.) Plaintiffs assert in their motion that the basis for the court's March 2012 Order and Judgment was this court's belief that the Dismissed Claims were parallel to the claims brought by plaintiffs in the pending Queens Action. (*Id.* at 1-2.) Underlying this belief, according to plaintiffs, was the court's view that the Queens

---

[2] Again, as defendant correctly notes, the time has long expired for plaintiffs to move for reconsideration of or to file a notice an appeal from the March 2012 Order and Judgment. (*See* Opp. at 1-2.) Plaintiffs have, however, made their motion "for reconsideration" "pursuant to Fed. R. Civ. P. 60(b)(6)," which does not prescribe a specific time period in which to make a motion for relief, and plaintiffs' motion also cited Rule 60 caselaw. (*See* Mot. at 3.) Additionally, in the Second Circuit, "[a]n untimely motion for reconsideration is treated as a Rule 60(b) motion." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991)). The court will thus construe plaintiffs' motion as one for relief from judgment under Rule 60(b)(6).

3

Action would "determine and dispose of" all of plaintiffs' claims in this action. (*Id.* at 2 (citing March 2012 Order and Judgment at 19).) Plaintiffs further note that this court also acknowledged that plaintiffs "'purportedly sought to dismiss' [their] affirmative claims in the Queens Action, which arguably should have caused some doubt that [plaintiffs] would be allowed to assert any of the Dismissed Claims in the Queens Action." (*Id.* at 2, n.3 (citing March 2012 Order and Judgment at 25).)

Plaintiffs do not, however, provide any actual explanation for why their requested relief may appropriately be sought nearly six months after the order and judgment from which they seek relief were entered. (*See generally id.*) Instead, without citation to any order from the Queens Action, plaintiffs state that

> Whatever the likelihood that the Queens Action would 'determine and dispose' of all of the Dismissed Claims at the time of the [March 2012 Order and Judgment], the present reality is that [plaintiffs] currently ha[ve] *no forum* in which to litigate the Dismissed Claims because the Queens court has subsequently refused to dispose of *any* of the Dismissed Claims. As such, even if this case and the Queens Action were parallel at the time of the [March 2012 Order and Judgment], there is no doubt that they are no longer parallel.

(Mot. at 2 (emphasis in original).)

Plaintiffs also assert, again without citation to the Queens Action, that they have "recently been denied the

4

opportunity to assert the Dismissed Claims in the Queens Action, despite the fact that the Dismissed Claims had never been previously asserted in the Queens Action," which "the Queens court acknowledged." (*Id.* at 3 & n.5 (emphasis removed).) These assertions, however, are completely unsupported even by references to dates or docket numbers for orders entered in the Queens Action. (*See generally id.*)

Plaintiffs contend that this court "arguably" should have had "some doubt" as to whether plaintiffs would be allowed to assert the Dismissed Claims in the Queens Action when it issued the March 2012 Order and Judgment. (*Id.* at 2, n.3 (citing March 2012 Order and Judgment, at n.15).) In support of their contention, plaintiffs cite footnote 15 of the March 2012 Order and Judgment, in which the court observed that "[a]lthough the parties have submitted transcripts of proceedings in the Queens Action in which [plaintiffs] and [Queens Action defendant/third-party plaintiff DDR] purportedly sought to dismiss their affirmative claims, the parties have not presented any reliable evidence that those claims have, in fact, been dismissed in the Queens action." (March 2012 Order and Judgment, at n.15.)

As an initial matter, plaintiffs' instant motion fails to identify any reliable evidence in the voluminous submissions or docket entries in this case indicating that the Dismissed

5

Claims were, in fact, dismissed in the Queens Action. (*See generally* Mot.) Likewise, although defendant's opposition letter asserts that plaintiffs voluntarily discontinued "their action" in Queens on September 7, 2011 and voluntarily dismissed "their affirmative claims" in the Queens Action on October 12, 2011, defendant also fails to identify a stipulation of dismissal or any other supporting documents that have been submitted in this action. (*See generally* Opp.) Nonetheless, defendant argues in opposition to plaintiffs' motion that plaintiffs entered into a stipulation with prejudice to dismiss the Dismissed Claims in the Queens Action, which was confirmed in that case at least by October 12, 2011. (*Id*. at 2-3.) Defendant contends that because plaintiffs created the situation of which they complain – that the Queens court will not hear the Dismissed Claims because plaintiffs already voluntarily dismissed them in that forum – plaintiffs cannot establish that the court's March 2012 Order and Judgment caused them prejudice or undue hardship, as required for relief under Rule 60(b)(6). (*Id*.)

The court has once again reviewed the entire voluminous, tortured docket in this case, including but not limited to the parties' briefing on the motion to dismiss and submissions regarding the status of the Queens Action, and cannot locate any document in which the parties did, in fact,

6

present reliable evidence that the Dismissed Claims were not being substantively addressed in the Queens Action. To the contrary, defendant's submission to the court regarding the status of the Queens action, dated November 17, 2011, makes no mention of any claims being dismissed. (*See generally* ECF No. 127, Def. Ltr. dated 11/17/11.) Similarly, plaintiffs' submission to the court dated November 18, 2011 regarding the status of the Queens Action – attaching the very same Queens Action transcripts this court referenced in footnote 15 of the March 2012 Order and Judgment – states, *inter alia*, that "***[n]o party's claims or pleadings have been dismissed***." (ECF No. 128, Pls. Ltr. dated 11/18/11, at 5 (emphasis added).) Indeed, plaintiffs' November 18, 2011 letter also noted that there "have been significant developments in the Queens case," but did not mention or attach any stipulations, discontinuances of their claims, or orders as evidence of these purportedly significant developments. (*Id*. at 6.) Furthermore, defendant's next submission to the court, a letter dated November 28, 2011, does not correct any misstatements or misrepresentations by plaintiffs regarding the Queens Action. (*See generally* ECF No. 129, Defs. Ltr. dated 11/28/11.) Given that the parties still have not, as of the date of this order, provided the court with a copy of any stipulation, order, or transcript from the Queens

Action identifying the claims dismissed by plaintiffs, the court must rely on the record in this case as reflected in the docket.

In any event, for the reasons discussed below, even crediting plaintiffs' oblique assertion that the court "arguably" should have had "some doubt" as to whether plaintiffs would be allowed to assert the Dismissed Claims in the Queens Action when it issued the March 2012 Order and Judgment because plaintiffs "purportedly sought to dismiss their affirmative claims" in the Queens Action, plaintiffs cannot establish their entitlement to Rule 60(b)(6) relief because the situation in which plaintiffs find themselves is the result of their own deliberate, strategic litigation choices.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) allows a district court to relieve a party from a judgment for "any other reason[3] justifying relief from the operation of the judgment." "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Rule 60(b) motions are disfavored, however, *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004), and, thus, the rule is "properly invoked only

---

[3] Rule 60(b)'s other five subsections justifying relief from judgment are not applicable, and plaintiffs have not sought to move on those grounds. (*See generally* Mot.)

8

when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship," *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). "Rule 60(b) is designed to strike a balance between the interests of fairness and the finality of judgments; nevertheless, 'final judgments should not be lightly reopened.'" *Velez*, 203 F. Supp. 2d at 333 (quoting *Nemaizer*, 793 F.2d at 61). The burden of proof is on the party seeking relief from the judgment. *Pichardo*, 374 F.3d at 55.

Most critically, it is well-settled that Rule 60(b)(6) is not a mechanism to undo the consequences of a party's deliberate litigation strategy. *See, e.g., Ackermann v. United States,* 340 U.S. 193, 198 (1950) (ruling that strategic decisions made during course of litigation, that upon reconsideration appear to be erroneous, do not provide basis for relief under Rule 60(b)); *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("[Rule 60(b)(6)] does not permit relief to a client whose counsel has shown gross negligence absent a showing of exceptional circumstances, such as a mental disorder, *or to a party who has made deliberate tactical decisions* that do not stem from such a mental disorder.") (emphasis added); *United States v. Bank of New York*, 14 F.3d 756, 760 (2d Cir. 1994) ("A failure to properly estimate the loss or gain from entering a settlement agreement is not an

9

extraordinary circumstance that justifies relief under Rule 60(b)(6)."); *see also Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50, 51 (S.D.N.Y. 1986) ("[The movant's] interest in undoing the results of a litigation strategy which, in hindsight, appears unwise fails to outweigh the judiciary's interest in the finality of judgments."). This principle applies with equal force when parties, such as plaintiffs here, may have stipulated to the dismissal of claims with prejudice in one forum and later seek to reassert those claims under Rule 60(b)(6). *Nemaizer,* 793 F.2d at 63-64.

In this case, plaintiffs argue that the court should permit them to reassert the claims in federal court that they previously dismissed voluntarily, *with prejudice*, in the state court Queens Action, because the Queens court is holding them to their own stipulation made in open court. (*See* Mot. at 2-3; Opp. at 2.) Plaintiffs' argument that they will suffer "extreme hardship" because they have no forum in which to litigate the Dismissed Claims, is insufficient to grant relief from this court's March 2012 Order and Judgment.

In support of their current motion, plaintiffs now claim that they voluntarily withdrew the Dismissed Claims in the Queens Action, after representing the exact opposite to this court in their November 18, 2011 letter, that "[n]o party's claims or pleadings have been dismissed," and also that the

10

accounting ordered in the Queens Action had not yet occurred. (*See* ECF No. 128, Pls. Ltr. dated 11/18/11, at 5.) Hence, months before this court issued the March 2012 Order and Judgment, plaintiffs represented that no claims had been dismissed in the Queens Action, but they now assert the opposite and inexplicably ignore their own role in creating the very posture from which they seek extraordinary relief under Rule 60(b)(6). (*See* Mot. at 2-3; Opp. at 2; ECF No. 128, Pls. Ltr. dated 11/18/11, at 5.) The interests of justice would not be served by rewarding plaintiffs' misrepresentations to this court and ill-fated litigation decisions in state court. Moreover, the court has doubts as to the existence of plaintiffs' claimed hardship as result of the March 2012 Order and Judgment, given that plaintiffs waited nearly six months to address it.

Notwithstanding the court's serious concerns about the truth of plaintiffs' current representations regarding their voluntary dismissal of their claims in the Queens Action, the Second Circuit has held that, "[t]he legal consequences of a stipulation [with prejudice] . . . may not be undone simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic. Although obviously better informed than foresight, an argument based on hindsight is not a ground upon which a court may grant Rule 60(b) relief." *Nemaizer,* 793 F.2d at 59-60, 63-64 (denying relief under

11

60(b)(6) where party withdrew with prejudice its state-law claims for ERISA-type relief in first federal action, but later sought to reassert federal ERISA claims in subsequent federal action based on same facts and transactions that gave rise to first action). Thus, in this case, plaintiffs cannot establish the extraordinary circumstances required to warrant Rule 60(b)(6) relief from the court's March 2012 Order and Judgment, because the situation about which they complain is the result of their own deliberate, strategic choices. *See, e.g.*, *Bank of New York*, 14 F.3d at 760; *Nemaizer*, 793 F.2d at 59-60, 63-64. Plaintiffs' motion for reconsideration and relief from the court's March 2012 Order and Judgment pursuant to Rule 60(b)(6) is, therefore, denied in all respects.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration and relief from the court's March 2012 Order and Judgment pursuant to Rule 60(b)(6) is, therefore, denied in all respects.

**SO ORDERED.**

Dated:    Brooklyn, New York
          December 19, 2012

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York

12